UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELOISA GUTIERREZ SCHLAFF, | § § | No. SA:14–CV–565–DAE (consolidated with) |
| Plaintiff, | § § | No. SA:14–CV–801–DAE |
| vs. | § § § | |
| TAPRITE FASSCO MANUFACTURING, INC., | § § § | |
| Defendant. | § | |

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR
LEAVE TO AMEND

Before the Court is a Motion for Leave to Amend filed by Defendant Taprite Fassco Manufacturing, Inc. ("Defendant"). (Dkt. # 24.) Defendant asks the Court for leave to file its First Amended Answers to Plaintiff-Intervenor Eloisa Gutierrez Schlaff's ("Schlaff") and Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Amended Complaints. (Id.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion, for the reasons that follow, the Court **GRANTS IN PART** Defendant's Motion for Leave to Amend. (Dkt. # 24.)

BACKGROUND

On June 23, 2014, Schlaff initiated this litigation by filing her Original Complaint in this Court. (Dkt. # 1.) Schlaff alleges that since at least

1

April of 2010, Defendant violated Sections 6(d)(1) and 16(a)(2) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to female "inspectors" at its San Antonio facility than it paid to male employees in the same division for substantially equal work. (Id. ¶ 9.) Schlaff further alleges that when she complained to management about being paid less than male employees in her division for substantially equal work, she was demoted and later terminated in retaliation for engaging in a protected activity in violation of 29 U.S.C. § 215(a)(3). (Id. ¶ 11.)

On September 10, 2014, the EEOC filed a Complaint against Defendant in a separate case, Civil Action No. SA:14–CV–801–DAE, alleging that Defendant paid Schlaff at a lower rather than it paid to a male employee for the same or substantially equal work, that Defendant discriminated against Schlaff by disciplining and demoting her in retaliation for her complaints of sex-based pay discrimination, and that Defendant discriminated against Schlaff in violation of the Americans with Disabilities Act ("ADA") by ignoring, rejecting, and denying her requests for reasonable accommodations for her disabilities. (Dkt. # 1.) On December 19, 2014, the Court consolidated the two cases.

On January 27, 2015, Schlaff filed her First Amended Complaint to include ADA claims and allegations that Defendant discriminated against her by paying her lower wages than it paid to similarly-situated male employees and

2

disciplined and demoted her in response to her complaints, in violation of Title VII. (Dkt. # 18.) On February 5, 2015, the EEOC filed its First Amended Complaint. (Dkt. # 20.) On February 10, 2015, Defendant filed an Answer to Schlaff's Amended Complaint (Dkt. # 22), and on February 19, 2015, Defendant filed an Answer to the EEOC's Amended Complaint (Dkt. # 23).

## LEGAL STANDARD

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Because Rule 15(a) evinces a bias in favor of granting leave to amend, Price v. Pinnacle Brands, Inc., 138 F.3d 602, 608 (5th Cir. 1998), a district court "must possess a substantial reason to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks omitted). Following the Supreme Court's guidance, the Fifth Circuit uses five factors in determining whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous

amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.  Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Defendant asks the Court for leave to file its Amended Answers to Schlaff's and the EEOC's First Amended Complaints.  (Dkt. # 24 at 1.)  The Amended Answers include a reservation of the right to assert additional affirmative defenses uncovered as the case develops.  (Id.)  Defendant filed its Motion within the time allowed by the Amended Scheduling Order (Dkt. # 15), and submits that the proposed Amended Answers are not made for the purposes of harassment or delay and that there is no likelihood that Schlaff or the EEOC will suffer any prejudice as a result of the amendments.  (Dkt. # 24 at 1.)  Defense counsel conferred with counsel for Schlaff and the EEOC prior to filing the Motion.  (Id. at 2.)  Counsel for Schlaff and the EEOC indicated that they are not opposed to allowing Defendant to file its Amended Answers, but the EEOC is opposed to language contained in the Amended Answer that reserves the right to amend the Answer with additional defenses as further information is obtained.  (Id.)  Because the parties have given their consent to the amendments, the Court **GRANTS** Defendant's Motion to the extent that it is unopposed.

Defendant's proposed Amended Answers to both Schlaff's and the EEOC's First Amended Complaints include the following language: "Defendant reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case." (Dkt. # 24, Ex. 1 ¶ 21; Id. Ex. 2 ¶20.)  Counsel for the EEOC indicated that it is opposed to this language, although the EEOC did not file a Response to Defendant's Motion.

Although courts have expressed skepticism that this language constitutes an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, Klein v. Fed. Ins. Co., Nos. 7:03-CV-102-D, 7:09-CV-094-D, 2014 WL 4476556, at *8 (N.D. Tex. Sept. 11, 2014), district courts have generally permitted defendants to include similar language in their answers so long as it is clear that a defendant is bound by Rule 15 with respect to any future amendment.  See Schlesinger v. W.L. & R, Inc., No. CIV.A. 13-5829, 2014 WL 669122, at *2 (E.D. La. Feb. 20, 2014) (permitting the defense but advising defendant that it could not file a supplemental answer without obtaining leave from the court in accordance with Rule 15); F.T.C. v. Verma Holdings, LLC, No. 4:13-XC-00594, 2013 WL 4506033, at *8 (S.D. Tex. Aug. 22, 2013) (finding no need to strike the defense because "Defendants' acknowledgement of Rule 15 suggests their affirmative defense is not an attempt to circumvent it"); Solis v. Bruister, No. 4:10CV77-DPJ-

5

FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (finding no need to strike the defense where defendants conceded that they were "bound by the requirements and conditions in Federal Rules of Civil Procedure pertaining to possible future amendments of their Answer").  Thus, the Court will not strike the language to which the EEOC objects, but **ORDERS** Defendant to amend its proposed Amended Answers to state: "Defendant reserves the right to seek to amend this Answer with additional defenses, pursuant to the applicable Federal Rules of Civil Procedure, as further information is obtained."

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART** Defendant's Motion for Leave to Amend.  (Dkt. # 24.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 10, 2015.

_____
David Alan Ezra
Senior United States Distict Judge